IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



FILED
SEP 18 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| Plaintiff, ) ) | 1:19 CR 560 |
| v. ) ) | CASE NO. _____ |
| DEMETRIA SIMS-LEEPER, ) ) | Title 18, United States Code, Section 641, 1001, and 1343 |
| Defendant. ) ) | JUDGE PEARSON |

GENERAL ALLEGATIONS

At all times material and relevant to this Indictment:

1. The U.S. Department of Veterans affairs (VA) was a cabinet-level department of the Federal government whose mission was to care for U.S. military veterans and their dependents. In furtherance of this mission, the VA ran an integrated health care system consisting of approximately 170 medical centers, in addition to numerous community-based outpatient clinics, community living centers, veteran centers, and domiciliaries. Together these health care facilities provided comprehensive care to over nine million enrolled veterans every year.

2. The VA Community Care (VACC), Office of Community Care – Claims Adjudication and Reimbursement (OCC-CAR), Processing Unit was located in Denver, Colorado, and was responsible for processing and paying claims submitted by non-VA entities for veteran care. OCC-CAR staff located in Cleveland, Ohio, handled the claims associated with eleven VA medical centers in Indiana, Michigan, and Ohio, which included the Cleveland VA Medical Center (VAMC).

3. When claims were submitted by non-VA entities, it was the responsibility of the OCC-CAR to perform clinical tracking and claims processing functions. Clinical tracking involved determining veteran eligibility, and then reviewing the claim and medical records. A clinical decision was then made by a VA Nurse Reviewer for the VA to approve or deny the claim. After clinical tracking was completed and it was determined that the VA would pay for outside care, the claim was processed. Nurse Reviewers were only involved in the clinical tracking function. Voucher Examiners were involved in clinical tracking and claims processing.

4. Since 2014 the VACC had granted overtime compensation to employees for three functions: clinical tracking, clinical reviews (nurses only), and claims processing. Employees were authorized to telework from their residences and were required to sign a telework agreement. Overtime compensation was strictly limited to the above three functions, which were completed via computer and tracked via the Fee Basis Claims Processing System (FBCS) Employee Production On-Demand Reports. The FBCS reports showed which claim an employee worked on and the specific hour the employee worked on the claim. Overtime compensation was never granted to complete administrative or other duties not processed on a computer, such as a hardcopy records review.

5. OCC-CAR employees could process claims from personal computers at their residences via the Citrix Access Gateway (CAG) Portal. Employees were issued Personal Identity Verification (PIV) card readers and were required to use their PIV card when working overtime. The VA maintained log-on verifications for each VA employee's PIV card use. When a VA employee connected to the VA network using CAG and a PIV card, each new session was recorded in a log. If the employee's computer was idle for approximately 30 minutes, the CAG session ended and the employee would need to log into the system again.

6. When working overtime hours, VA employees either received approximately 1 and one-half times of their regular hourly rate or compensation leave time to use during their regular tour of duty. If an employee worked overtime during holiday leave, the employee received a regular hourly rate in addition to their holiday leave.

7. To submit over time hours worked, VA employees emailed timekeepers twice each day, once to record their start time and once to record their stop time. The emails sent to the timekeepers traveled through the VA network and were transmitted from Ohio to servers located in Washington, D.C. and Chicago, Illinois, and Dallas, Texas, and San Jose, California.

8. If an employee did not email the timekeeper on the specific dates they worked overtime, they were authorized to email their overtime hours at a later date. Timekeepers then posted the overtime hours to the employee's timecard. The employees were required to review their timecards every two weeks and report discrepancies to the timekeepers. After any discrepancies were addressed, a bi-weekly timecard was finalized and validated by the timekeepers. After validation, the timecards were certified by a supervisor. The entire timecard process was conducted electronically.

9. Defendant DEMETRIA SIMS-LEEPER was a resident of Cleveland, Ohio, which was located within the Northern District of Ohio, Eastern Division.

10. SIMS-LEEPER was employed by the VA Office of Community Care (OCC) and was stationed at the Cleveland VA Medical Center (VAMC) as a Voucher Examiner. SIMS-LEEPER had worked as a Voucher Examiner at the Cleveland VAMC since March 30, 2014, and previously worked as a Voucher Examiner for the VA in Salem, VA.

COUNTS 1-3
(Wire Fraud, 18 U.S.C. § 1343)

The Grand Jury charges:

11. Paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

The Scheme

12. From on or about March 11, 2016, through on or about November 8, 2017, in the Northern District of Ohio, Eastern Division, Defendant DEMETRIA SIMS-LEEPER knowingly devised and intended to devise a scheme and artifice to defraud the United States Department of Veterans Affairs (VA) to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

October 8-9, 2016

13. It was part of the scheme that:

a. On or about Saturday, October 8, 2016, at 1:54 PM, SIMS-LEEPER sent an email from her VA email account to the VISN 10 Non-VA Care Timekeepers VA email account with a Cc: to VA Timekeeper Jennifer Ravkin's VA email account with the Subject: "ot start."

b. On or about Sunday, October 9, 2016, at 12:05 AM, SIMS-LEEPER sent an email from her VA email account to the VISN 10 Non-VA Care Timekeepers VA email account with a Cc: to Ravkin's VA email account with the Subject: "ot stop."

14. The timesheet for SIMS-LEEPER showed on Saturday, October 8, 2016, SIMS-LEEPER was paid from 2:00 PM to 12:00 AM for ten (10) hours of overtime.

4

15. The VA Personal Identity Verification (PIV) card log showed SIMS-LEEPER logged in to the VA network and/or VA Citrix Access Gateway (CAG) Portal on October 8, 2016, at 1:53 PM, 1:55 PM, 7:06 PM an 7:12 PM, and on October 9, 2016 at 12:03 AM.

16. The Fee Basis Claims Processing System (FBCS) Employee Production On Demand Report for SIMS-LEEPER showed she processed claims on October 8, 2016, from 7:00 PM through 9:00 PM during overtime hours.

<u>May 7, 2017</u>

17. It was part of the scheme that:

    a. On or about Sunday, May 7, 2017, at 4:51 PM, SIMS-LEEPER sent an email from her VA email account to the VISN 10 CAR Timekeepers VA email account and to VA Timekeeper Jennifer Ravkin's VA email account with the Subject: "otstart comp time."

    b. On or about Sunday, May 7, 2017, at 9:54 PM, SIMS-LEEPER sent an email from her VA email account to the VISN 10 CAR Timekeepers VA email account and Ravkin's VA email account with the Subject: "ot stop comp time."

18. The timesheet for SIMS-LEEPER showed on Sunday, May 7, 2017, SIMS-LEEPER claimed to work overtime hours from 5:00 PM to 10:00 PM and earned five (5) hours of compensation time.

19. The VA Personal Identity Verification (PIV) card log showed SIMS-LEEPER logged in to the VA network and/or VA Citrix Access Gateway (CAG) Portal on May 7, 2017, at 4:49 PM, 4:51 PM, 4:59 PM, 5:00 PM and 9:40 PM.

20. The Fee Basis Claims Processing System (FBCS) Employee Production On Demand Report for SIMS-LEEPER showed she processed claims on May 7, 2017, at 5:00 PM.

September 1-2, 2017

21. It was part of the scheme that:

   a. On or about on or about Friday, September 1, 2017 at 2:30 PM, SIMS-LEEPER sent an email from her VA email account to the VISN 10 CAR Timekeepers VA email account with the Subject: "ot start."

   b. On or about on or about Saturday, September 2, 2017 at 12:10 AM, SIMS-LEEPER sent an email from her VA email account to the VISN 10 CAR Timekeepers VA email account with the Subject: "RE: ot stop."

22. The timesheet for SIMS-LEEPER showed on Friday, September 1, 2017, SIMS-LEEPER was paid from 6:00 AM to 11:00 AM for five (5) hours of used sick leave, from 11:00 AM to 2:30 PM for three (3) hours of regular time and from 2:30 PM to 12:00 AM for nine and a half (9.5) hours of overtime.

23. The VA Personal Identity Verification (PIV) card log showed SIMS-LEEPER logged in to the VA network and/or VA Citrix Access Gateway (CAG) Portal on September 1, 2017 at 11:17 AM and 12:33 PM, and on September 2, 2017 at 12:08 AM.

24. The Fee Basis Claims Processing System (FBCS) Employee Production On Demand Report for SIMS-LEEPER showed she processed claims on September 1, 2017, at 11:00 AM and from 1:00 PM through 2:00 PM during regular hours, and did not process any claims during overtime hours.

25. After reviewing FBCS reports, timesheets, employee emails and PIV card logs, it was determined that SIMS-LEEPER falsely claimed to work approximately 324 hours from 2016 through 2017, and fraudulently received approximately $9,399 in overtime compensation from the VA.

6

26. From on or about March 11, 2016, through on or about November 8, 2017, SIMS-LEEPER, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds: to wit: SIMS-LEEPER sent emails through the VA network that were transmitted from Ohio to one or more servers located in Washington, D.C. and Chicago, Illinois, and Dallas, Texas, and San Jose, California, each wire transmission constituting a separate count of this Indictment:

| Count | Date | Sender Location | Server Locations |
|---|---|---|---|
| 1 | 10/9/16 | Ohio | Washington, D.C.; Chicago, Illinois; Dallas, Texas; San Jose, California |
| 2 | 5/7/17 | Ohio | Washington, D.C.; Chicago, Illinois; Dallas, Texas; San Jose, California |
| 3 | 9/2/17 | Ohio | Washington, D.C.; Chicago, Illinois; Dallas, Texas; San Jose, California |

All in violation of Title 18, United States Code, Section 1343.

COUNT 4
(Theft of Government Property, 18 U.S.C. § 641)

The Grand Jury further charges:

27. Paragraphs 1 through 25 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

28. From on or about March 11, 2016, through on or about November 8, 2017, in the Northern District of Ohio, Eastern Division, Defendant DEMETRIA SIMS-LEEPER, in a continuing course of conduct, willfully and knowingly embezzled, stole, purloined, and converted to her own use, property of the United States exceeding $1,000 in value belonging to

the Department of Veterans Affairs (VA), an agency of the United States, to wit: SIMS-LEEPER, as an employee of the VA, fraudulently claimed and received overtime compensation from the VA with a value of approximately $9,399, in violation of Title 18, United States Code, Section 641.

## COUNT 5
(False Statement, 18 U.S.C. § 1001)

The Grand Jury further charges:

29. Paragraphs 1 through 25 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

30. On or about August 1, 2016, in the Northern District of Ohio, Eastern Division, Defendant DEMETRIA SIMS-LEEPER willfully and knowingly made a materially false, fictitious and fraudulent statement and representation to the United States Department of Veterans Affairs (VA) in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: falsely submitting a claim of working five hours of overtime that day, when, as she well knew, said representation was false, in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 6
(False Statement, 18 U.S.C. § 1001)

The Grand Jury further charges:

31. Paragraphs 1 through 25 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

32. On or about February 23, 2017, in the Northern District of Ohio, Eastern Division, Defendant DEMETRIA SIMS-LEEPER willfully and knowingly made a materially false, fictitious and fraudulent statement to the United States Department of Veterans Affairs

(VA) in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: falsely submitting a claim of working three and one-half hours of overtime on that day, when, as she well knew, said representation was false, in violation of Title 18, United States Code, Section 1001(a)(2).

COUNT 7
(False Statement, 18 U.S.C. § 1001)

The Grand Jury further charges:

33. Paragraphs 1 through 25 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

34. On or about August 28, 2017, in the Northern District of Ohio, Eastern Division, Defendant DEMETRIA SIMS-LEEPER willfully and knowingly made a materially false, fictitious and fraudulent statement to the United States Department of Veterans Affairs (VA) in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: falsely submitting a claim of working three and one-half hours of overtime that day, when, as she well knew, said representation was false, in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.